UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN KIEDROWSKI, III,

    Plaintiff,

v.                                            Case No. 3: 19-cv-399-J-34JRK

THE JACKSONVILLE
SHERIFF'S OFFICE,

    Defendant.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff John Kiedrowski, an inmate of the Florida penal system, initiated this action on April 3, 2019, by filing a pro se Civil Rights Complaint (Doc. 1; Complaint) under 42 U.S.C. § 1983. Kiedrowski names the Jacksonville Sheriff's Office (JSO) as the only Defendant. In his Complaint, Kiedrowski asserts that JSO violated his Eighth Amendment right to be free from cruel and unusual punishment when a JSO officer allowed his K-9 officer to bite Kiedrowski two times in the leg. As relief, Kiedrowski requests $500,000 in damages.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A. Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Central State Hosp., 898 F.2d 126, 129

(11th Cir. 1990)). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 328 (1989)). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, the Eleventh Circuit "'requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." Rodriguez v. Sec'y, Dep't of Corr., 508 F.3d 611, 625 (11th Cir. 2007) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). As such, "'conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.'" Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (citation omitted). In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, Kiedrowski cannot sustain a cause of action against the Defendant.

Kiedrowski names JSO as the Defendant. Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit). "Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued." Faulkner v. Monroe Cty. Sheriff's Dep't, 523 F. App'x 696, 701 (11th Cir. 2013). Thus, a district court does not err in dismissing a claim against a Florida Sheriff's office. Id. Because JSO is not a legal entity amenable to suit, Kiedrowski fails to state a § 1983 claim upon which relief may be granted against JSO.

In light of the foregoing, this case will be dismissed, pursuant to 28 U.S.C. § 1915A, without prejudice to Kiedrowski's right to refile his claim under 42 U.S.C. § 1983 with sufficient factual allegations to support a claim under § 1983 against a proper Defendant, if he elects to do so.[1] The Clerk of Court will be directed to provide a civil rights complaint form and Affidavit of Indigency form to Kiedrowski. If Kiedrowski chooses to refile a civil rights complaint in this Court to address any alleged federal constitutional violations relating to his arrest, he must submit a fully completed civil rights complaint form with an original signature and must submit a copy of the form for each Defendant for service of process. Additionally, in completing the form, he must write legibly and comply with Local

---

[1] Plaintiff should note that pro se litigants are subject to the same law and rules of court that govern other litigants who are represented by counsel. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). All filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida.

3

Rule 1.05(a). The Clerk will be directed to provide him a copy of the Local Rule. Moreover, Kiedrowski must either pay the $400.00 filing fee or file a fully completed Affidavit of Indigency form.

Accordingly, it is

**ORDERED:**

1. This case is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A.

2. The Clerk of Court shall enter judgment dismissing this case without prejudice, terminating any pending motions, and closing the case.

3. The Clerk shall send a civil rights complaint form and an Affidavit of Indigency form to Kiedrowski. If he elects to refile his claims, he may complete and submit the proper forms. Kiedrowski should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to refile his claims. In initiating such a case, Kiedrowski should either file a fully completed Affidavit of Indigency (if he desires to proceed as a pauper) or pay the $400.00 filing fee (if he does not desire to proceed as a pauper).

4. The Clerk shall provide Plaintiff with a copy of Local Rule 1.05.

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of April, 2019.

MARCIA MORALES HOWARD
United States District Judge

Jax-8
c: John Kiedrowski #289328

4